IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL BIRTHMARK,<br><br>Plaintiff,<br><br>vs.<br><br>DEPT. OF INSTITUTIONS/DEPT. OF CORRECTIONS, MONTANA STATE PRISON AND THE IMMEDIATE MEMBERS OF THE BOARD OF PARDONS & PAROLE, and PRIVATE STUDIES GROUP OF MINDREADING PSYCHICS, et al.,<br><br>Defendants. | CV 13-0022-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## SYNOPSIS

Plaintiff Michael Birthmark filed an Amended Complaint (Doc. 7) after the Court found that the allegations in his original Complaint were so vague that the Complaint failed to state a claim upon which relief could be granted. (Doc. 6.) Mr. Birthmark failed to correct the deficiencies identified in his original complaint. The Amended Complaint is nearly incomprehensible and his allegations are so vague that the Amended Complaint fails to state a claim upon which relief may be granted. This case should be dismissed.

1

# JURISDICTION

Mr. Birthmark filed this action in federal court, in the Great Falls Division of the District of Montana. (Doc. 2.) Venue is proper, as he is incarcerated in and alleges wrongs committed in Powell County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

# STATUS

Mr. Birthmark previously filed a Complaint (Doc. 1) that the Court reviewed before service, as it must for complaints filed by prisoners. *See* 28 U.S.C. § 1915. The Complaint could not be served because it failed to state a claim on which relief could be granted. Mr. Birthmark was granted leave to amend the Complaint to attempt to correct the deficiencies. (Doc. 6.)

Mr. Birthmark has filed an Amended Complaint which must also be reviewed before it is served on the Defendants to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915, 1915A.  If so, the Amended Complaint must be dismissed.  28 U.S.C. § 1915(e)(2). This is the review.

Mr. Birthmark's Amended Complaint (Doc. 7) indicated he was to be discharged from prison on November 14, 2013.  (Amended Complaint, Doc. 7 at 6.)  The Department of Corrections website verifies that Mr. Birthmark is no longer incarcerated.  Mr. Birthmark has not updated his address with the Court.

## STANDARDS

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679.  A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. *Ivey v. Board of Regents*, 673 F.2d 266, 268

3

(9th Cir. 1982).

**Leave to amend**

Pro se orders must be liberally construed. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**Rule 8**

Rule 8 of the Federal Rules of Civil Procedure sets forth the general rules of pleading and requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Supreme Court has explained that Rule 8 "requires a 'showing,' rather than a

4

blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. The factual allegations necessary to make that showing "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## ANALYSIS

Mr. Birthmark's Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure and fails to bring specific claims and factual allegations against the named defendants. The Amended Complaint is nearly incomprehensible. It is a mixture of jumbled thoughts and statements with no factual support or specific allegation against the named defendants. Mr. Birthmark makes general conclusory allegations that there are no Indian health services at the prisons, he has no access to medications he needs for his diabetes, the wardens used to be on the payroll of the "Bikers and the Ayran Brotherhood," there are psychic mind-readers at the prison, and there is racial profiling at the prison. He makes no specific allegation against any named defendant and his allegations border on delusional. As such, the Amended Complaint fails to state a claim upon which relief may be granted.

## CONCLUSION

The Amended Complaint does not state a claim on which relief can be granted. The standards for stating a federal claim were provided to Mr. Birthmark in the Court's prior order. Mr. Birthmark was given an opportunity to correct the

deficiencies in his pleading and he failed to do so. Further opportunities to amend would be futile. The Amended Complaint should be dismissed.

## A. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

6

The Amended Complaint is frivolous as it plainly lacks arguable substance in law or fact. No reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**B. "Strike" under 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Mr. Birthmark's pleadings are frivolous and fail to state a claim upon which relief may be granted. The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

**C. Address Changes**

At all times during the pendency of this action, Mr. Birthmark SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED**:

1. Mr. Birthmark's Amended Complaint (Doc. 7) should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Birthmark failed to state a claim upon which relief may be granted and his claims are frivolous.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Birthmark may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 6th day of February, 2014.

／s/ Keith Strong
Keith Strong
United States Magistrate Judge